**NOTE CHANGES MADE BY THE COURT**

D. Chad Anderton, Bar No. 199922
canderton@littler.com
Arya A. Zare, Bar No. 320653
azare@littler.com
LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Defendant
MHM SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PARVANEH IMANI, an individual,

          Plaintiff,

    v.

MHM SERVICES, INC., a corporation; and DOES 1 through 50, inclusive,

          Defendants.

Case No. 8:21-cv-01576-CJC-ADS

**STIPULATED PROTECTIVE ORDER**

## I.    PURPOSES AND LIMITATIONS

A.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that

1

are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

A.   This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, sensitive personal identifying information, including, but not limited to, the personal identifiers listed in Federal Rule of Civil Procedure 5.2(a), individuals' sensitive employment records, and documents which are protected by the Health Insurance Portability and Accountability Act, as well as confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the

2

parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

A.     <u>Action</u>:  This pending federal law suit.

B.     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.     <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that

3

are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.    House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

N.  Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.  Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.  SCOPE**

A.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.  DURATION**

A.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.  DESIGNATING PROTECTED MATERIAL**

A.  Exercise of Restraint and Care in Designating Material for Protection

5

1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

6

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7

c.      For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

d.      For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.      Inadvertent Failure to Designate

1.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.      Timing of Challenges

1.      Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.      Meet and Confer

8

1    1. The Challenging Party shall initiate the dispute resolution process

2   under Local Rule 37.1 et seq.

3  C. The burden of persuasion in any such challenge proceeding shall be on

4 the Designating Party.  Frivolous challenges, and those made for an improper

5 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

6 parties) may expose the Challenging Party to sanctions.  Unless the Designating

7 Party has waived or withdrawn the confidentiality designation, all parties shall

8 continue to afford the material in question the level of protection to which it is

9 entitled under the Producing Party's designation until the Court rules on the

10 challenge.

11 **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

12  A. Basic Principles

13    1. A Receiving Party may use Protected Material that is disclosed or

14 produced by another Party or by a Non-Party in connection with this

15 Action only for prosecuting, defending, or attempting to settle this Action.

16 Such Protected Material may be disclosed only to the categories of

17 persons and under the conditions described in this Order.  When the

18 Action has been terminated, a Receiving Party must comply with the

19 provisions of Section XIV below.

20    2. Protected Material must be stored and maintained by a Receiving

21 Party at a location and in a secure manner that ensures that access is

22 limited to the persons authorized under this Order.

23  B. Disclosure of "CONFIDENTIAL" Information or Items

24

4856-7786-9581.1 / 108840-1059

1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

 a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

 b.    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

 c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 d.    The Court and its personnel;

 e.    Court reporters and their staff;

 f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

 g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

10

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1.      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material

11

covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

12

1.   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   Make the information requested available for inspection by the Non-Party, if requested.

C.   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized

13

disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.  The parties agree to protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

(b) The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

14

1       (c) If, during the course of this litigation, a party determines that any document

2          produced by another party is or may reasonably be subject to a legally

3          recognizable privilege or evidentiary protection ("Protected  Document"):

4                  (i)     the receiving party shall: (A) refrain from reading the

5                        Protected Document any more closely than is necessary to

6                        ascertain that it is privileged or otherwise protected from

7                        disclosure;  (B) immediately notify the producing party in

8                        writing that it has discovered documents believed to be

9                        privileged or protected; (C) specifically identify the Protected

10                       Documents by Bates number range or hash value; and, (D)

11                       within ten days of discovery by the receiving party, return,

12                       sequester, or destroy all copies of such Protected Documents,

13                       along with any notes, abstracts, or compilations of the content

14                       thereof.  To the extent that a Protected Document has been

15                       loaded into a litigation review database under the control of the

16                       receiving party, the receiving party shall have all electronic

17                       copies of the Protected Document extracted from the

18                       database.  Where such Protected Documents cannot be

19                       destroyed or separated, they shall not be reviewed, disclosed, or

20                       otherwise used by the receiving party.  Notwithstanding, the

21                       receiving party is under no obligation to search or review the

22                       producing party's documents to identify potentially privileged

23                       or work product Protected Documents.

24

15

1    (ii) If the producing party intends to assert a claim of privilege

2     or other protection over documents identified by the receiving

3     party as Protected Documents, the producing party will, within

4     ten days of receiving the receiving party's written notification

5     described above, inform the receiving party of such intention in

6     writing and shall provide the receiving party with a log for such

7     Protected Documents that is consistent with the requirements

8     of the Federal Rules of Civil Procedure, setting forth the basis

9     for the claim of privilege or other protection.  In the event that

10     any portion of a Protected Document does not contain

11     privileged or protected information, the producing party shall

12     also provide to the receiving party a redacted copy of the

13     document that omits the information that the producing party

14     believes is subject to a claim of privilege or other protection.

15  (d) If, during the course of this litigation, a party determines it has produced a

16    Protected Document:

17    (i) the producing party may notify the receiving party of such

18     inadvertent production in writing, and demand the return of

19     such documents.  Such notice shall be in writing; however, it

20     may be delivered orally on the record at a deposition, promptly

21     followed up in writing.  The producing party's written notice

22     will identify the Protected Document inadvertently produced by

23     Bates number range or hash value, the privilege or protection

24     claimed, and the basis for the assertion of the privilege and

shall provide the receiving party with a log for such Protected

Documents that is consistent with the requirements of the

Federal Rules of Civil Procedure, setting forth the basis for the

claim of privilege or other protection.  In the event that any

portion of the Protected Document does not contain privileged

or protected information, the producing party shall also

provide to the receiving party a redacted copy of the document

that omits the information that the producing party believes is

subject to a claim of privilege or other protection.

(ii)   The receiving party must, within ten days of receiving the

producing party's written notification described above, return,

sequester, or destroy the Protected Document and any copies,

along with any notes, abstracts, or compilations of the content

thereof.  To the extent that a Protected Document has been

loaded into a litigation review database under the control of the

receiving party, the receiving party shall have all electronic

copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has

already been used in or described in other documents generated or

maintained by the receiving party prior to the date of receipt of written notice

by the producing party as set forth in paragraphs (c)(ii) and d(i), then the

receiving party shall sequester such documents until the claim has been

resolved.  If the receiving party disclosed the Protected Document before

17

being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that:

     (i)   the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

     (ii)  the disclosure of the Protected Documents was not inadvertent;

     (iii)  the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

     (iv)  the producing party failed to take reasonable or timely steps to rectify the error.

(g) ~~Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The producing party shall preserve the Protected Documents until such claim is resolved.  The receiving party may not use the Protected Documents for any purpose absent this Court's order.~~

(h) ~~Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the~~

18

1   ~~Protected Documents have been sequestered rather than returned or~~
2   ~~destroyed by the receiving party, and subject to the exceptions outlined in~~
3   ~~Paragraph 10 below, the Protected Documents shall be returned or destroyed~~
4   ~~within 10 days of the Court's order.  The Court may also order the~~
5   ~~identification by the receiving party of Protected Documents by search terms~~
6   ~~or other means.~~

7   (i)  Nothing contained herein is intended to, or shall serve to limit a party's right
8       to conduct a review of documents, data (including electronically stored
9       information), and other information, including without limitation, metadata,
10      for relevance, responsiveness, and/or the segregation of privileged and/or
11      protected information before such information is produced to another party.

12  (j)  By operation of the parties' agreement, the parties are specifically afforded
13      the protections of Fed. R. Evid. 502(e).

14  **XIII.  MISCELLANEOUS**

15      A.    Right to Further Relief

16          1.    Nothing in this Order abridges the right of any person to seek its
17              modification by the Court in the future.

18      B.    Right to Assert Other Objections

19          1.    By stipulating to the entry of this Protective Order, no Party waives
20              any right it otherwise would have to object to disclosing or producing any
21              information or item on any ground not addressed in this Stipulated
22              Protective Order.  Similarly, no Party waives any right to object on any
23              ground to use in evidence of any of the material covered by this Protective
24              Order.

4856-7786-9581.1 / 108840-1059

C.     Filing Protected Material

1.     Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

2.     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.     Effect of Stipulation

Once all parties have agreed to this Stipulation, they shall treat it as binding.  However, notwithstanding the parties agreement to this Stipulation, pursuant to 45 C.F.R. § 164.512(e)(1)(v), the parties are under no obligation to produce protected health information under HIPAA until the Court approves and enters this Order.

## XIV.  FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

20

capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      If Protected Material have been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Protected Material, including all associated images and native files, are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications, and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

21

C.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:      February 8, 2022

SOLMER LAW CORPORATION


*/s/ Thomas Solmer*
Thomas Solmer
Attorneys for Plaintiff
PARVANEH IMANI

Dated:      February 8, 2022

LITTLER MENDELSON P.C.


*/s/ Arya A. Zare*
D. Chad Anderton
Arya A. Zare
Attorneys for Defendant
MHM SERVICES, INC.

## ATTESTATION REGARDING SIGNATURES

I, Arya A. Zare, attest pursuant to Local Rule 5-4.3.4(a)(2)(i) that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:   February 8, 2022

*/s/Arya A. Zare*
Arya A. Zare

22

1    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3    Dated:  February 9, 2022                       /s/ Autumn D. Spaeth

4                                              HONORABLE AUTUMN D. SPAETH
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of _____ of *Parvaneh Imani v. MHM Services, Inc., et

al.,* Case No. 8:21-Cv-01576-CJC-ADS.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

24

4856-7786-9581.1 / 108840-1059